**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RAVINDER SINGH ARORA; GURMEET KAUR ARORA; RAJNEESH SINGH ARORA, | No. 10-72594 |
| Petitioners, | Agency Nos.    A096-152-187<br>A096-152-188<br>A096-152-189 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 16, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Ravinder Singh Arora, Gurmeet Kaur Arora, and Rajneesh Singh Arora

petition this Court for review of the Board of Immigration Appeals' (BIA) decision

denying their asylum application. We have jurisdiction pursuant to 8 U.S.C. §

1252, and we grant the petition.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.1

The Real ID Act does not apply to this petition. We review the immigration judge's (IJ) adverse credibility finding for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). "The IJ must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Id.* (internal quotation marks omitted). "Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003).

The IJ's adverse credibility findings as to Ravinder Singh Arora[1] are not supported by substantial evidence. For example, the IJ found that Arora testified that he was arrested four times, while his declaration in support of his application only described three arrests. Such a finding was clearly erroneous because the record shows that Arora's declaration describes four arrests. Similarly, the IJ found that the 2005 declaration of Amrik Dhillon "does not mention any abuse," even though the declaration actually states that Ravinder "was rounded up by the

---

[1] Only Ravinder Singh Arora testified. The remaining Petitioners assert only derivative asylum claims.

2

Police, questioned and tortured" more than once and later fled India to save his life and family.

Other findings by the IJ relate only to minor or irrelevant details that do not bear on the legal analysis. For example, the IJ found that Arora failed to respond to questions regarding the omission in his declaration concerning the fact that the police fingerprinted and photographed him during a 1999 detention. That omission concerns minor details that do not go to the heart of his claim, and his testimony and declaration are in all material respects consistent. Similarly, the IJ found that a 2002 doctor's letter was inconsistent with the injuries Arora claims to have suffered during a 2001 detention because the doctor described blunt injuries, and Arora testified he had torn muscles. However, the letter confirms Arora's account of his injuries in all essential respects, and Arora clarified that he understood blunt injuries to be the same as having torn muscles.

The IJ also faults Arora for failing to obtain arrest reports or government documents corroborating the four arrests he suffered in India. However, a petitioner's inability to obtain corroborating evidence may not support an adverse credibility finding when, as here, the corroborating evidence is not easily available. *Chawla v. Holder*, 599 F.3d 998, 1005 (9th Cir. 2010) (stating that absence of

3

corroborating evidence that was in India and under control of a third party did not support adverse credibility finding).

We do not reach Petitioners' remaining arguments.

**PETITION GRANTED.**